**FILED**
11:31 am Mar 19 2021
Clerk U.S. District Court
Northern District of Ohio
Cleveland

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **CHARLES LUCAS,** | ) | **CASE NO. 1:21 CV 399** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **JUDGE CASSANDRA COLLIER-** | ) | **MEMORANDUM OF OPINION** |
| **WILLIAMS,** *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

**Background**

*Pro se* Plaintiff Charles Lucas, an Ohio prisoner, was convicted in the Cuyahoga County Court of Common Pleas in 2018 of attempted murder, improperly discharging a firearm into a habitation, felonious assault, and breaking and entering. *See State v. Lucas*, No. CR-16-609934-A (Cuyahoga Cty. Ct. of Comm. Pls.) He appealed his convictions on multiple grounds – including on the basis of ineffective assistance of counsel, that his attempted murder conviction was not supported by sufficient evidence, that the trial court erred in admitting evidence, and that the state committed prosecutorial misconduct – but his convictions were affirmed by the Ohio Court of Appeals. *See State v. Lucas*, No. 108436, 154 N.E.3d 262 (Ohio App. 8 Dist., 2020).

The Plaintiff has filed a civil rights complaint in this case (Doc. No. 1), purporting to sue "all of the parties involved" in his criminal case, including state trial and appeals court judges, prosecutors, and his defense lawyers. (Doc. No. 1 at 2, ¶ II(D).)[1]  He has also filed a "Motion to Supplement" his complaint (Doc. No. 4) and a Motion to Proceed *In Forma Pauperis.* (Doc. No. 2.)  Those motions are both granted.

The Plaintiff's complaint and his supplement are lengthy, rambling, and unclear and do not set forth clear allegations or legal claims against each of the Defendants, but it is apparent the Plaintiff contends the Defendants have violated his rights in some way in the course of his criminal trial and appeals, and he challenges the legality of his convictions.  For relief, he "demands" that the United States Attorney file criminal charges against "all the parties" named in his complaint, that he be exonerated from the charges in his criminal case and released from custody, and that he receive damages for wrongful imprisonment. (Doc. No. 1 at 5, ¶ V.)

**Standard of Review**

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails

---

[1] The Plaintiff indicates he seeks to sue:  Cuyahoga Court of Common Pleas Judges Cassandra Collier-Williams, John J. Russo, and Daniel Gaul; Ohio Court of Appeals Judges Frank D. Celebresse, Jr., Mary J. Boyle, and Mary Eileen Kilbane; prosecutors, public defenders, and attorneys Patrick Cooney, Timothy J. McGinty, Michael C. O'Malley, Brandon Piteo, Michael J. Cheselka, Owen M. Patton, Caitlin Monter, Anthony T. Miranda, Paul A. Kuzmins, Cullen Goretzke Sweeney; and law enforcement officers Robert Patrick, Matt Berdysz, and James Mendolera. (Doc. No. 1 at 1, at 3, ¶ III(B).)

to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

## Discussion

Upon review, the Court finds that the Plaintiff's action must be dismissed.

First, a civil rights is not a valid way for a prisoner to challenge the legality of his confinement following a state criminal conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 489-500 (1973). Where a person in state custody challenges the validity of a criminal conviction and the relief he seeks is his immediate release or a speedier release, his sole federal remedy is a writ of *habeas corpus*. *Preiser*, 411 U.S. at 500. Therefore, to the extent the Plaintiff seeks release from custody or to be exonerated from his state criminal convictions, the Plaintiff's complaint fails to state a cognizable civil rights claim. Only by petitioning a federal court for a writ of *habeas corpus* may the Plaintiff seek relief from his state criminal convictions. *See id*.

Second, the Plaintiff has not alleged a cognizable federal civil rights claim to the extent he seeks any other form of relief (monetary or injunctive) based on allegations that his federal rights were violated in connection with his state criminal case. In *Heck*, the Supreme Court held that a prisoner is precluded from raising claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless and until the prisoner shows that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*."

512 U.S. at 487 (1994). *See also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration").

The Plaintiff's civil rights claims against the Defendants here – whatever they are – necessarily affect the validity of his Cuyahoga County convictions. His claims are barred by *Heck* because he has made no showing or allegation that his convictions have been called into question or invalidated in any of the ways articulated in *Heck*.

Third, even to the extent the Plaintiff's claims may not be barred by *Preiser* and *Heck*, they are subject to dismissal. In order to survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under § 1915(e)(2)(B)). Although courts are generally required to construe *pro se* complaints liberally, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), or to "guess at the nature" of the claims asserted. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The statements and allegations set forth in the Plaintiff's complaint and supplement are so convoluted, unclear, and conclusory that they fail to meet the basic pleading requirements necessary to set forth plausible claims against each of the Defendants.

Finally, most of the Defendants are immune from suit or cannot be sued for federal

rights violations under 42 U.S.C. § 1983. Judges, prosecutors, and defense lawyers are immune from damages actions, or cannot be sued for rights violations allegedly occurring during the performance of their official duties in criminal cases. *See Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997) (discussing judicial and prosecutorial immunity); *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (a lawyer does not act under color of law when performing traditional functions as counsel to a defendant in a criminal proceeding).

Indeed, the Plaintiff has already filed an action against Cuyahoga County Court of Common Pleas Judge Cassandra Collier-Williams and Ohio Eighth District Court of Appeals Judge Eileen Gallagher for alleged decisions they made in the course of his criminal trial and interlocutory appeals. *See Lucas v. Collier-Williams*, No. 18 CV 1461, 2018 WL 4853316, at *1 (N. D. Ohio Oct. 5, 2018). That action was summarily dismissed on the basis of judicial immunity, and the same result obtains here.

## Conclusion

For all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE